PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 142]

Name of Offender: <u>Nucoma Antonio Oden</u>　　Case Number: <u>1:11-00002-02</u>

Name of Sentencing Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>April 11, 2012</u>

Original Offense: <u>Count 2: 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute and Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine</u>

Original Sentence: <u>16 months' custody and 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　Date Supervision Commenced: <u>September 18, 2012</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>　　Defense Attorney: <u>Caryll Alpert</u>

---

### PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
_X_ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this __8__ day of __May__, 2014,
and made a part of the records in the above case.

_____
Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place　　Nashville, TN

Date　　May 2, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 142, has been amended as follows:

**Violation No. 2 - has been added**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not commit another federal, state or local crime.** |

On November 22, 2013, Mr. Oden reported to the probation office for drug testing and to meet with the probation officer. Following the drug test, he admitted to selling approximately 2 grams of crack cocaine during the last month to supplement his income.

| | |
| --- | --- |
| 2. | **The defendant shall not commit another federal, state or local crime.** |

On April 19, 2014, Mr. Oden was arrested by an officer with the Metropolitan Nashville Police Department (MNPD) for outstanding warrants for the charges of Aggravated Arson and Aggravated Burglary. According to one affidavit, Crystal Aldridge reported that Mr. Oden was at her residence on September 3, 3013. While he was at the location, they got into an argument outside. He attempted to push his way into the residence. She managed to push him away and lock the door. He went to his vehicle and took out a gas can. He then poured gas on her property. He told her he was going to burn her and her children in the home. He then left the location after she told him she was calling the police. According to the other affidavit, Ms. Aldridge reported that a few days prior to September 27, 2013, she got into an argument with Mr. Oden on the phone. During the argument, he told her he would break into her home and take her things. On September 27, 2013, she returned home and noticed her back door was broken. When she went inside the home, she found all of her property missing. A neighbor reported witnessing Mr. Oden on the property moving around and wearing gloves. The total value of all the missing property is over $1,000.

Mr. Oden contacted the probation officer on April 21, 2014, to report the arrest and the new charges. He informed that the arrest and the warrant were a big misunderstanding. He stated that his girlfriend's (Ms. Aldridge) home was broken into in the fall, and she was informed by her neighbors that he was the person who had broken into the residence and stolen her property. He reported he spoke to a detective about the incidents in the fall and was cleared from the investigation. Mr. Oden was not initially charged by MNPD with the crimes. However, Ms. Aldridge reported to the police that Mr. Oden had vandalized her property, and the warrants were sworn out against Mr. Oden at that time.

The probation officer contacted Ms. Aldridge on April 21, 2014, to inquire regarding the arrest of Mr. Oden and the various events that occurred in September 2013. She informed that she returned home one evening to realize that her residence had been broken into and items had been stolen. Antwain Guest and Elette Hinton, neighbors at the time, told her that it was Mr. Oden who had broken into the residence and had stolen the property. As a result of the information provided by the neighbors, she filed reports with MNPD alleging Mr. Oden vandalalized her property. A short time following the burglary, Ms.

Aldridge observed a bicycle had been stolen from her residence. Another neighbor informed that Antwain Guest and Elette Hinton (the aforementioned neighbors) had recently stolen the bicycle. The police were contacted and searched the residences of Mr. Guest and Ms. Hinton, locating the recently stolen bicycle and items taken with the initial burglary. Antwain Guest and Elette Hinton are currently being prosecuted for the burglary at Ms. Aldridge's home.

On April 20, 2014, Ms. Aldridge assisted Mr. Oden in bonding out of custody on a $13,500 bond. His next scheduled court date is May 7, 2014, in Davidson County General Sessions Court. Mr. Oden anticipates that both charges will be dismissed.

3. **The defendant shall refrain from any unlawfully use of a controlled substance.**

   On December 2, 2013, Mr. Oden reported to the probation office and tested positive for cocaine. He admitted to using approximately 2 grams of crack cocaine two days prior. He reported that he had obtained the illegal drugs in order to sell them but decided instead to use the drugs.

4. **The defendant shall not unlawfully possess a controlled substance.**

   Mr. Oden admitted to possessing a controlled substance by admitting on November 22, 2013, to selling crack cocaine and admitting on December 2, 2013, to recently using crack cocaine.

5. **The defendant shall report in a manner and frequency directed by the probation officer.**

   Mr. Oden failed to submit a monthly report from June 2013, through November 2013. He submitted the missing reports on December 2, 2013.

6. **The defendant shall notify the probation officer at least ten days prior to any change in residence.**

   Mr. Oden admitted on November 22, 2013, that he had only been staying at the residence known to the probation officer on the weekends. He reported staying at multiple residences with various friends most consistently.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Oden began supervised release on September 18, 2012. He is scheduled to terminate supervision on September 17, 2017.

A report was submitted to the Court on March 19, 2013, informing that he had been charged with Driving on a Revoked License. The charge was dismissed on June 18, 2013, after he obtained his driver's license.

He was referred for a substance abuse treatment assessment. The intake assessment was completed on October 31, 2012. As a result of the intake assessment, it was recommended that he participate in a psychiatric evaluation, participate in medication management, and individual therapy. The psychiatric evaluation was completed on December 20, 2012. As a result of the evaluation, he was diagnosed with Major Depressive Disorder, Recurrent, Moderate; and Generalized Anxiety Disorder. He participated in therapy until August 2013.

**On December 17, 2013, a petition was submitted requesting a warrant in that Mr. Oden had admitted selling crack cocaine, tested positive for crack cocaine, admitted possessing crack cocaine, failed to submit monthly reports from June 2013 through November 2013, and admitted that he had only been staying at residences known to the probation officer on the weekends. A warrant was ordered, and he was arrested on December 20, 2013.**

On February 3, 2014, Mr. Oden was ordered by Your Honor to attend inpatient substance abuse treatment and to reside at a halfway house for six months following completion of inpatient substance abuse treatment. He successful completed inpatient substance abuse treatment with Buffalo Valley, Inc., in Hohenwald, Tennessee, on March 7, 2014. Since that time, he has resided in a halfway house in Gallatin, Tennessee. He has continued to test negative for illegal drugs since his completion of inpatient treatment.

**Update of Offender Characteristics:**

Mr. Oden has been employed with ABC Technology in Gallatin, Tennessee, since March 2014.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional information be considered at the revocation hearing scheduled before Your Honor on June 23, 2014.

This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.

Approved: *[signature]*
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. NUCOMA ANTONIO ODEN, CASE NO. 1:11-00002-02

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 33-41 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

Revocation is mandatory if the defendant possesses a controlled substance, 18 U.S.C. § 3583 (g)(1) and 18 U.S.C. § 3565 (b)(1).

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade A violation, the Court shall revoke probation or supervised release, U.S.S.G.§ 7B1.3(a)(1).

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved:
Vidette Putman
Supervisory U.S. Probation Officer