PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 161]

Name of Offender: <u>Nucoma Antonio Oden</u>   Case Number: <u>1:11-00002-02</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>April 11, 2012</u>

Original Offense: <u>Count 2: 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute and Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine</u>

Original Sentence: <u>16 months' custody and 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>September 18, 2012</u>

Assistant U.S. Attorney: <u>Clay Lee</u>   Defense Attorney: <u>Caryll Alpert</u>

---

## PETITIONING THE COURT

___   To issue a Summons.
___   To issue a Warrant.
_X_   To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this _12th_ day of _September_, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place     Nashville, TN

Date     September 11, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 161, has been amended as follows:

    **Violation No. 2 - has been amended to include additional information**
    **Violation No. 3 - has been amended to include additional information**
    **Violation No. 10 - has been amended to include additional information**
    **Violation No. 11 - has been added**
    **Violation No. 12 - has been added**
    **Violation No. 13 - has been added**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.      **The defendant shall not commit another federal, state or local crime.**

    On November 22, 2013, Mr. Oden reported to the probation office for drug testing and to meet with the probation officer. Following the drug test, he admitted to selling approximately 2 grams of crack cocaine during the last month to supplement his income.

2.      **The defendant shall not commit another federal, state or local crime.**

    On April 19, 2014, Mr. Oden was arrested by an officer with the Metropolitan Nashville Police Department (MNPD) for outstanding warrants for the charges of Aggravated Arson and Aggravated Burglary. According to one affidavit, Crystal Aldridge reported that Mr. Oden was at her residence on September 3, 3013. While he was at the location, they got into an argument outside. He attempted to push his way into the residence. She managed to push him away and lock the door. He went to his vehicle and took out a gas can. He then poured gas on her property. He told her he was going to burn her and her children in the home. He then left the location after she told him she was calling the police. According to the other affidavit, Ms. Aldridge reported that a few days prior to September 27, 2013, she got into an argument with Mr. Oden on the phone. During the argument, he told her he would break into her home and take her things. On September 27, 2013, she returned home and noticed her back door was broken. When she went inside the home, she found all of her property missing. A neighbor reported witnessing Mr. Oden on the property moving around and wearing gloves. The total value of all the missing property is over $1,000.

    Mr. Oden contacted the probation officer on April 21, 2014, to report the arrest and the new charges. He informed that the arrest and the warrant were a big misunderstanding. He stated that his girlfriend's (Ms. Aldridge) home was broken into in the fall, and she was informed by her neighbors that he was the person who had broken into the residence and stolen her property. He reported he spoke to a detective about the incidents in the fall and was cleared from the investigation. Mr. Oden was not initially charged by MNPD with the crimes. However, Ms. Aldridge reported to the police that Mr. Oden had vandalized her property, and the warrants were sworn out against Mr. Oden at that time.

    The probation officer contacted Ms. Aldridge on April 21, 2014, to inquire regarding the arrest of Mr. Oden and the various events that occurred in September 2013. She informed that she returned home one evening to realize that her residence had been broken into and items had been

stolen. Antwain Guest and Elette Hinton, neighbors at the time, told her that it was Mr. Oden who had broken into the residence and had stolen the property. As a result of the information provided by the neighbors, she filed reports with MNPD alleging Mr. Oden vandalalized her property. A short time following the burglary, Ms. Aldridge observed a bicycle had been stolen from her residence. Another neighbor informed that Antwain Guest and Elette Hinton (the aforementioned neighbors) had recently stolen the bicycle. The police were contacted and searched the residences of Mr. Guest and Ms. Hinton, locating the recently stolen bicycle and items taken with the initial burglary. Antwain Guest and Elette Hinton are currently being prosecuted for the burglary at Ms. Aldridge's home.

On April 20, 2014, Ms. Aldridge assisted Mr. Oden in bonding out of custody on a $13,500 bond. Mr. Oden anticipates that both charges will be dismissed. **The charges were dismissed on September 9, 2014.**

3. **The defendant shall refrain from any unlawfully use of a controlled substance.**

   On December 2, 2013, Mr. Oden reported to the probation office and tested positive for cocaine. He admitted to using approximately 2 grams of crack cocaine two days prior. He reported that he had obtained the illegal drugs in order to sell them but decided instead to use the drugs.

   On June 23, 2014, Mr. Oden tested positive for cocaine. **Mr. Oden has tested negative for illegal drugs on eight occasions since June 23, 2014.**

4. **The defendant shall not unlawfully possess a controlled substance.**

   Mr. Oden admitted to possessing a controlled substance by admitting on November 22, 2013, to selling crack cocaine and admitting on December 2, 2013, to recently using crack cocaine.

5. **The defendant shall report in a manner and frequency directed by the probation officer.**

   Mr. Oden failed to submit a monthly report from June 2013, through November 2013. He submitted the missing reports on December 2, 2013.

6. **The defendant shall notify the probation officer at least ten days prior to any change in residence.**

   Mr. Oden admitted on November 22, 2013, that he had only been staying at the residence known to the probation officer on the weekends. He reported staying at multiple residences with various friends most consistently.

7. **Upon release from Buffalo Valley, the Defendant shall reside for six months in a halfway house that provides a substance abuse program.**

   Mr. Oden was terminated from Buffalo Valley halfway house in May 2014. The probation officer spoke with staff from Buffalo Valley who reported Mr. Oden was discharged for repetitive failure to abide by the rules and for accountability issues. The probation officer was informed that Mr. Oden had been caught in lies and failed to return for scheduled curfew on multiple occasions.

   Since his termination from the Buffalo Valley halfway house, the probation officer provided Mr. Oden information for three halfway houses.

   On July 1, 2014, Mr. Oden informed the probation officer that he was recently admitted into Aphesis House to complete the remaining portion of his six months halfway house residency.

8. **The Defendant shall participate in a mental health program as directed by the Probation Officer.**

Mr. Oden has failed to report for mental health appointments on three occasions, April 24, May 10, and June 2, 2014. Mr. Oden informed that he has failed to attend the appointments as a result of conflicting court dates and transportation difficulties.

9. **The Defendant shall participate in a program of drug testing.**

Mr. Oden failed to report for drug testing on May 21, 2014. He reported for drug testing on May 22, 2014, and results were negative for illegal drug use.

On July 1, 2014, Mr. Oden failed to report for drug testing. He reported on July 2, 2014, and was negative for illegal drug use.

10. **The Defendant shall not commit another federal, state or local crime.**

On May 27, 2014, Mr. Oden was arrested by the Metropolitan Nashville Police Department and charged with Order of Protection Violation. According to the affidavit, police were responding to a narcotics allegation at the residence of 823 Netherlands Drive, the residence of Crystal Akridge. Mr. Oden answered the door, and officers noticed an odor of marijuana emanating from the residence. A marijuana cigarette was located in the residence, and Ms. Crystal Akridge accepted ownership of the marijuana. It was determined that there was an active order of protection against Mr. Oden, and he was taken into custody. He acknowledged his awareness of the order of protection and stated that he was there for the day to assist with transportation and to see his children. His next court date is scheduled for July 14, 2014, in Davidson County General Sessions Court for all pending charges.

On June 3, 2014, Mr. Oden met with the probation officer. He admitted that he was aware the order of protection was still in place with Ms. Akridge. He informed that the order of protection had been obtained in September 2013 in relation to the burglary of her property. He further acknowledged that he was aware that Ms. Akridge recreationally used marijuana.

On June 3, 2014, the probation officer spoke to Crystal Akridge who also stated that the order of protection was taken out for Mr. Oden in September 2013 in relation to the burglary of her property. She reported that she has attempted to nullify the order of protection but has been unable to do so. **The charge was dismissed on September 9, 2014.**

11. **The Defendant shall refrain from excessive use of alcohol.**

**On August 11, 2014, Mr. Oden contacted the probation officer and advised that he had returned to the Aphesis House recently and had been tested for alcohol. The results of the breathalyzer was BAC-0.11. He informed that Aphesis House has a no alcohol policy, but he had not been formerly aware of the policy. He was required to observe a curfew of 6:00 p.m. and to sign a contract outlining his understanding of the curfew, his understanding that any violation of alcohol use in the future will result in discharge from the program, and requirements for progression in recovery materials.**

**On August 12, 2014, the probation officer spoke with the Director of Aphesis House, who informed that Mr. Oden had violated their policies, which were grounds for dismissal, though he believed that Mr. Oden was making progress and therefore he was going to allow him to remain in the progression with some interim restrictions.**

12. **The Defendant shall not commit another federal, state or local crime.**

        **On August 12, 2014, Mr. Oden was issued a citation by the Metropolitan Nashville Police Department for Driving on a Suspended License, 2nd Offense. He was booked on the citation on September 3, 2014. His next court date is scheduled for October 28, 2014, in Davidson County General Sessions Court.**

        **On August 21, 2014, the probation officer spoke with Mr. Oden about the recent citation. He reported to the probation officer that he did not know his license had been suspended. He was instructed not to drive until his license in reinstated.**

13. **The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

        **Mr. Oden failed to notify the probation officer of the law enforcement contact from August 12, 2014, until August 21, 2014. He was required to notify of the law enforcement contact within 72 hours.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Oden began supervised release on September 18, 2012. He is scheduled to terminate supervision on September 17, 2017.

A report was submitted to the Court on March 19, 2013, informing that he had been charged with Driving on a Revoked License. The charge was dismissed on June 18, 2013, after he obtained his driver's license.

He was referred for a substance abuse treatment assessment. The intake assessment was completed on October 31, 2012. As a result of the intake assessment, it was recommended that he participate in a psychiatric evaluation, participate in medication management, and individual therapy. The psychiatric evaluation was completed on December 20, 2012. As a result of the evaluation, he was diagnosed with Major Depressive Disorder, Recurrent, Moderate; and Generalized Anxiety Disorder. He participated in therapy until August 2013.

On December 17, 2013, a petition was submitted requesting a warrant in that Mr. Oden had admitted selling crack cocaine, tested positive for crack cocaine, admitted possessing crack cocaine, failed to submit monthly reports from June 2013 through November 2013, and admitted that he had only been staying at residences known to the probation officer on the weekends. A warrant was ordered, and he was arrested on December 20, 2013.

On February 3, 2014, Mr. Oden was ordered to attend inpatient substance abuse treatment and to reside at a halfway house for six months following completion of inpatient substance abuse treatment. He successfully completed inpatient substance abuse treatment with Buffalo Valley, Inc., in Hohenwald, Tennessee, on March 7, 2014.

A petition requesting consideration of additional violations was submitted on May 2, 2014, to inform Mr. Oden was arrested on criminal charges from September 2013. The additional violations were ordered to be considered at the revocation hearing.

A petition requesting consideration of additional violations was submitted on June 18, 2014, to inform Mr. Oden had been terminated from his halfway house, failed to report for mental health appointments, failed to report for drug testing and was arrested and charged with Order of Protection Violation. The additional violations were ordered to be considered at the revocation hearing.

A petition requesting consideration of additional violations was submitted on July 8, 2014, to inform Mr. Oden had tested positive for cocaine on June 23, 2014, had recently been admitted into Aphesis House, and failed to report for drug testing on one occasion. The additional violations and information were ordered to be considered at the revocation hearing.

A revocation hearing was held before Your Honor on July 11, 2014, and the hearing was continued for 90 days. Mr. Oden has continued to reside at Aphesis House to date and appears to benefit from the program.

**Update of Offender Characteristics:**

Mr. Oden is currently employed with Trojan Labor in Nashville, TN. He became employed with Trojan Labor in July 2014.

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional information be considered at the revocation hearing scheduled before Your Honor on October 27, 2014.**

**This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. NUCOMA ANTONIO ODEN, CASE NO. 1:11-00002-02

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 24 months * U.S.S.G.§ 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

Revocation is mandatory if the defendant possesses a controlled substance, 18 U.S.C. § 3583 (g)(1) and 18 U.S.C. § 3565 (b)(1).

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade A violation, the Court shall revoke probation or supervised release, U.S.S.G.§ 7B1.3(a)(1).

*The Guideline Provisions for a custodial sentence is limited by the statutory provisions.

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Nucoma Antonio Oden

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 1:11CR00002 - 2

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 04 / 11 / 2012
                                 month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | new criminal activity | A |
   | new criminal activity | A |
   | drug use | C |
   | drug possession | C |
   | failure to submit monthly reports | C |
   | failure to notify of change of address | C |
   | failure to complete 6 months at a halfway house | C |
   | failure to participate in mental health treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     A

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    33-41 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Nucoma Antonio Oden

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)      _____   Home Detention         _____

    Other        Special Assessment $75    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002